IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ARTEZ OLIVER                                                                                                    PLAINTIFF

v.                                      3:16CV00174-KGB-JJV

DELL COOK, Sheriff, Mississippi
County Detention Center; *et al.*                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.   INTRODUCTION**

Artez Oliver ("Plaintiff") is detained at the Mississippi County Detention Facility. He filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging Defendants, officials at the detention facility, were "doing illegal things." (Doc. No. 2 at 5.) Specifically, Plaintiff complains of not being allowed out for recreation time, being held in the same area as convicted detainees awaiting transport to prison, mold and rats in the facility, the television being turned off at 9:00 nightly, and excessive bail. (*Id.*) He seeks $500,000 to compensate him for this allegedly "unfair and illegal treatment." (*Id.*)

Defendants Sheriff Dell Cook,[1] Major Andrew Harrison,[2] Captain Hicks, and Lieutenant Luther Withfeild[3] have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on all of Plaintiff's claims. (Doc. No. 12.) Plaintiff has not responded,

---

[1] The correct spelling of this Defendant's name is Dale Cook. (Doc. No. 6 at 1.) The Clerk is directed to amend the docket to reflect the correct spelling.

[2] The correct spelling of this Defendant's name is Andrew Harris. (Doc. No. 6 at 1.) The Clerk is directed to amend the docket to reflect the correct spelling.

[3] The correct spelling of this Defendant's name is Luther Whitfield. (Doc. No. 6 at 1.) The Clerk is directed to amend the docket to reflect the correct spelling.

and the matter is now ripe for a decision. After careful consideration of the Motion and Plaintiff's Complaint, for the following reasons, I find summary judgment is appropriate and this action should be DISMISSED.

## II.     FACTS

Plaintiff alleges he had been detained in the Mississippi County Detention Facility for three months as of the time of filing his Complaint and had "not once" been allowed out for his mandated one-hour daily recreation time. (Doc. No. 2 at 5.) As a pretrial detainee, Plaintiff also contends it is illegal for him to be held in the same "dorm/barrier" with detainees who have been convicted and are awaiting transport to prison. (*Id*.) In addition, Plaintiff complains about various conditions of his confinement – namely, the television is turned off at 9:00, there is mold in the facility, and there are rats in the kitchen. (*Id*.) Finally, Plaintiff asserts his bail is excessive. (*Id*.)

## III.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825

(8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV. ANALYSIS

### A. Official Capacity Claims

First, Plaintiff has sued Defendants in both their official and personal capacities. (Doc. No. 2 at 3.) Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id*. at 166. Thus, Plaintiff's official capacity claims against Defendants are to be treated as claims against Mississippi County. Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

4

*Monell*, 436 U.S. at 690-91. A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Id.* at 691. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Mississippi County that caused or contributed to his alleged injuries. Accordingly, his official capacity claims against Defendants should be dismissed.

### B.  Personal Capacity Claims

Defendants contend they are entitled to qualified immunity on Plaintiff's claims against them in their personal capacities. (Doc. No. 13 at 5.) They argue Plaintiff has failed in his burden of showing a constitutional violation. (*Id.*)

Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were

5

unlawful.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[4]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009).  Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

        1.     Recreation Time

To prevail on a claim of inadequate recreation time, a plaintiff must show prison officials were deliberately indifferent to his exercise needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.[5]  *Wishon v. Gammon*, 978 F.2d 446, 448-49 (8th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)).  In considering an alleged deprivation of adequate exercise, courts must consider several factors, including:  (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement.  *Id*. at 449.  Lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened.  *Id*.

Evidence submitted in support of Defendants' Motion for Summary Judgment shows the detention facility houses detainees in either "blocks" or "dorms." (Doc. No. 14-3 at 1.)  Blocks contain cells where detainees sleep and take morning meals; otherwise, detainees spend time in a

---

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236).

[5]Because Plaintiff was a pretrial detainee at the time of the alleged violations, his claims are properly analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment.  *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam).  But pretrial detainees are entitled to at least as much protection as convicted inmates.  *Perkins v. Grimes*, 161 F.3d 1127, 1129 (8th Cir. 1998) (per curiam).

6

common area from 10:00 a.m. until 9:00 p.m. (*Id.*) The common area is approximately thirty-seven feet by thirty-six feet, or 1332 square feet, and detainees are permitted to exercise there. (*Id.* at 1-2.) Dorms are open areas containing bunks. (*Id.* at 1.) They are approximately sixty-three feet by sixty-three feet, or 3,969 square feet, and detainees are permitted to exercise there. (*Id.* at 1-2.)

Between March 2016, when Plaintiff was booked into the facility, and July 2016, when he filed his Complaint, detainees were allowed outside recreation time for approximately one hour per day. (*Id.* at 2.) However, there was a period sometime in 2016 when the facility was undergoing construction and outside recreation time was suspended due to the presence of equipment and supplies. (*Id.*) Additionally, following a detainee escape sometime in 2016, outside recreation time was temporarily discontinued while the facility reviewed its procedures. (*Id.*)

Even assuming Plaintiff was temporarily withheld outside recreation time due to construction or the escape of a detainee, it is clear he was not deprived of adequate exercise in violation of the Eighth Amendment. It is not clear whether Plaintiff was housed in a block or a dorm, but in either case, he had virtually all day to exercise in an open area. Therefore, recreation was available to him within the block or dorm. Both are quite sizable. Even if Plaintiff was housed in a block and thus slept and ate breakfast in a cell, he spent eleven hours per day outside of that cell. Finally, Plaintiff has not alleged a threat to his health resulting from the lack of outside recreation time. Viewing the facts in his favor, Plaintiff has not demonstrated a constitutional violation.

    2.    Housed with Convicted Detainees

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. "It is not, however, every injury suffered by one prisoner at the hands of another that translates into

7

constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. A prison official violates the Eighth Amendment only if he acts with deliberate indifference to a substantial risk of harm to the prisoner. *Perkins*, 161 F.3d at 1130. To show deliberate indifference, the prisoner must prove both that the official's acts objectively caused a sufficiently serious deprivation and that the official had a subjectively culpable state of mind. *Id*.

Evidence submitted in support of Defendants' Motion shows the detention facility typically houses pretrial detainees separate from convicted detainees; however, on occasion, it is necessary to house them together. (Doc. No. 14-3 at 2.) In the event a safety or security threat to any inmate arises, staff are trained to immediately separate the detainee at risk from the threat. (*Id*.)

Plaintiff does not allege any harm resulting from being housed together with convicted detainees. He contends only that the convicted detainees are "mean" and "it's not fair." (Doc. No. 2 at 5.) The Prison Litigation Reform Act provides, in relevant part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). *See also Kellensworth v. Norris*, 221 F.3d 1342 (8th Cir. 2000) (claim barred by § 1997e(e) where plaintiff made no allegation of physical injury resulting from being housed in cell with inmate he feared); *Ellis v. Norris*, 179 F.3d 1078 (8th Cir. 1999) (dismissal proper where plaintiff failed to allege how insufficient security had caused him injury). Absent an allegation of physical injury, Plaintiff has not demonstrated a constitutional violation.

    3.  Conditions of Confinement: Television, Mold, Rats

The Constitution "does not mandate comfortable prisons"; it prohibits "inhumane ones." *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer*, 511 U.S. at 825). To establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show

(1) the alleged deprivation is objectively, sufficiently serious, resulting in the denial of the minimal civilized measure of life's necessities, and (2) prison officials were deliberately indifferent to an excessive risk to inmate health or safety, meaning the officials actually knew of and disregarded the risk. *Id*.

Defendants' evidence shows that, except in times of disciplinary lock down, a television is on in each block and dorm from 10:00 a.m. to 9:00 p.m. each day. (Doc. No. 14-3 at 2.) Detainees are provided with cleaning supplies on a daily basis to clean cells and dorms; the blocks' common areas are cleaned daily by trustees. (*Id*.) The kitchen is also cleaned daily by trustees. (*Id*.) The detention facility has a contract with a professional exterminator to prevent rodent and vermin infestation, and the exterminator is called in when an infestation occurs. (*Id*. at 3.)

Plaintiff has failed to present any evidence tending to establish that the conditions of his confinement denied him the minimal civilized measure of life's necessities. He has no constitutionally-protected right to watch television, *see Russell v. Helder*, No. 5:15CV05082, 2016 WL 4014106, at 6 (W.D. Ark. June 28, 2016) (recommended decision), or to do so at all hours. Nothing in the record indicates Plaintiff suffered any injury or that his health was impaired as a result of mold or rats. *See Williams*, 49 F.3d at 446. Accordingly, he has failed to demonstrate a constitutional violation.

        4.     Excessive Bail

While Plaintiff makes a passing reference to his bail being excessive (Doc. No. 2 at 5), Defendants have shown they were not personally involved in the setting of bail. (Doc. No. 14-3 at 3.) Absent an allegation that Defendants were personally involved or had direct responsibility for an incident that injured him, Plaintiff's claim is not cognizable under § 1983. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

## V. SUMMARY

Because Plaintiff has failed to identify a policy or custom of Mississippi County that contributed to his alleged injuries, his official capacity claims should be dismissed. Because Plaintiff has failed to show a violation of his constitutional rights, it is unnecessary to determine whether those rights were clearly established, and Defendants are entitled to qualified immunity on Plaintiff's claims against them in their personal capacities. *See Nelson*, 583 F.3d at 528 (qualified immunity is appropriate if no reasonable fact finder could answer yes to both prongs of the inquiry). Accordingly, summary judgment is appropriate, and Plaintiff's claims against Defendants should be dismissed with prejudice.

## VI. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk amend the docket to reflect the correct spelling of Defendants Dale Cook, Andrew Harris, and Luther Whitfield's names. (Doc. No. 6 at 1.)

2. Defendants' Motion for Summary Judgment (Doc. No. 12) be GRANTED.

3. Plaintiff's Complaint (Doc. No. 2) be DISMISSED WITH PREJUDICE.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 23rd day of March, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE